IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMON D. RUBIO,

    Petitioner,                    No. CIV S-08-2549 FCD GGH P

    vs.

ANTHONY HEDGPETH, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2005 conviction for attempting to commit a lewd act with a child under the age of 14, two counts of annoying or molesting a child under the age of 18 after suffering a prior conviction for committing a lewd act upon a child, exhibiting harmful materials to a minor, and lewdly exposing himself after suffering a prior conviction for a lewd act with a child.  Petitioner is serving a sentence of 175 years to life.

        Pending before the court is respondent's April 16, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations.  After carefully reviewing the record, the court recommends that the motion be granted.

/////

/////

1

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On June 13, 2007, the California Supreme Court denied petitioner's petition for review. Respondent's April 16, 2009, Lodged Document 2. Petitioner's conviction became final ninety days later on September 11, 2007, when the period for petitioning the United States Supreme Court for certiorari expired. Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner had one year from that date, i.e. until September 10, 2008, to file a timely federal petition.

This action was filed in this court on October 27, 2008. However, pursuant to the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). See also Douglas v. Noelle, __F.3d__, 2009 WL 1564235 (9th Cir. June 5, 2009) (filing of the complaint in a Civil Rights Action subject to the mailbox rule). Petitioner's petition contains no proof of service indicating when he delivered it to prison authorities for filing by mail. However, on April 22, 2009, respondent filed a copy of petitioner's prison outgoing mail log indicating that on

October 23, 2008, petitioner mailed a piece of mail to this court. See Respondent's April 22, 2009, Lodged Document 1. Any outgoing mail that is received by the prison mailroom is logged on the computer spread sheet and mailed on the same day. Id. Accordingly, pursuant to the mailbox rule, the court finds that petitioner filed his petition in this court on October 23, 2008, i.e. the day prison records reflect that he gave the petition to prison officials for mailing.

The court observes that petitioner signed his petition on October 8, 2008. It also appears that petitioner signed the petition on another date then scratched that date out and wrote "8." Petitioner does not address the reason for the 15 day delay between when he signed the petition on October 8, 2008, and when he gave it to prison officials to mail on October 23, 2008. Nor does petitioner address why he apparently signed his petition on two different dates. These unexplained matters do not affect the finding that petitioner filed his petition on October 23, 2008.

The instant action was filed more than one year after September 11, 2007. Accordingly, this action is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Petitioner filed his only state petition for post-conviction relief on March 27, 2008, in the Sacramento County Superior Court. Respondent's April 16, 2009, Lodged Document 3. On April 29, 2008, the Superior Court denied the petition. Id. Accordingly, petitioner is entitled to 33 days of statutory tolling. Adding 33 days to September 10, 2008, would make the instant action due October 13, 2008. The instant action is still not timely.

The one year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the "extraordinary circumstances" were the cause of his untimeliness. Stillman v.

1 LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger
2 equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v.
3 Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this
4 extraordinary exclusion should apply to him."  Id..  Determining whether equitable tolling applies
5 is a "fact-specific" inquiry.  Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

6        In his May 18, 2009, opposition, petitioner argues that he is entitled to equitable
7 tolling because his state appellate attorney did not inform him until January 20, 2008, that the
8 California Supreme Court had denied his petition for review on June 13, 2007.  Attached to the
9 opposition is a letter dated January 20, 2008, from petitioner's state appellate counsel to
10 petitioner informing him of the June 13, 2007, denial of the petition for review.  Petitioner argues
11 that the statute of limitations should run from January 20, 2008.

12        In the May 27, 2008, reply to petitioner's opposition, respondent argues that
13 petitioner is not entitled to equitable tolling on the grounds alleged because on June 28, 2007, the
14 California Court of Appeal sent petitioner a remittitur.  In California, the issuance of a remittitur
15 by the California Court of Appeal indicates that the California Supreme Court has denied the
16 petition for review.  Cal. Rules of Court, rule 8.272(b)(1)(A).  Attached to the reply is a copy of
17 the California Court of Appeals docket from petitioner's case stating that on June 28, 2007, the
18 remittitur was issued.  This docket does not state on whom the remittitur was served.  However,
19 also attached as an exhibit to respondent's reply is another copy of petitioner's prison mail log.
20 This log indicates that on July 3, 2007, petitioner received mail from the California Court of
21 Appeal.  The court finds that these documents, when taken together, demonstrate that petitioner
22 received the remittitur on July 3, 2007.

23        Because petitioner received notice in July 2007 that the California Supreme Court
24 had decided not to review his appeal, counsel's failure to notify him of this fact until January
25 2008 did not prevent him from filing a timely petition.  In any event, even were the court to find
26 that petitioner did not actually receive notice until January 2008 of the denial of the petition for

review, petitioner has not demonstrated how this circumstance prevented him from filing a timely federal petition. Petitioner does not explain, for example, why he waited until October 23, 2008, to file the instant action after the Superior Court denied his state petition on April 29, 2008. It does not appear that counsel's delay in notifying petitioner of the denial of the petition for review prevented him from filing a timely federal petition.

Equitable tolling does not require a day-by-day analysis of whether petitioner was able to file on a particular day, or whether circumstances on that day, or week, or month precluded filing. The one year limitations period in a criminal matter of which the petitioner would have full knowledge is a rather generous time period. To the contrary – only where extraordinary circumstances *impact* the ability to timely file within the year period will equitable tolling possible apply. Allen v. Lewis, 255 F.3d 798, 800-801 (9th Cir. 2001). In this case, any effect on the ability to timely file a habeas petition because of not being informed about the California Supreme Court decision had dissipated long before the AEDPA limitations period expired.

For the reasons discussed above, the court finds that the instant action is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 16, 2009, motion to dismiss (no. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\\

\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 06/12/09

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

7  rub2549.157